UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARY T. FERNANDEZ, | ) | No. ED CV 09-00424-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

|   |   |   |
|---|---|---|
| 1 |   | considered the treating physician's opinion regarding |
| 2 |   | Plaintiff's mental impairment and GAF score of 15; |
| 3 | 2. | Whether the ALJ properly considered the State Agency |
| 4 |   | findings regarding Plaintiff's multiple marked limitations; |
| 5 | 3. | Whether the ALJ properly developed the record regarding |
| 6 |   | Plaintiff's possible seizure disorder; |
| 7 | 4. | Whether the ALJ properly considered the type, dosage and |
| 8 |   | side effects of Plaintiff's prescribed medications; and |
| 9 | 5. | Whether the ALJ posed a complete hypothetical question to |
| 10 |   | the vocational expert. |

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ APPROPRIATELY CONSIDERED THE TREATING PHYSICIAN'S OPINION REGARDING PLAINTIFF'S MENTAL IMPAIRMENT, GAF SCORE OF 15, AND THE STATE AGENCY FINDINGS REGARDING MULTIPLE MARKED MENTAL LIMITATIONS**

In Plaintiff's first issue, she asserts that the ALJ "ignored without explanation the Plaintiff's GAF score of 15." (JS at 4.) Further, she asserts error because the ALJ "failed to discuss or mention any of the above-referenced mental, cognitive and affective impairments." (Id.) In her second issue, she asserts that the ALJ failed to properly consider the State Agency physician's findings that Plaintiff has marked limitations in various areas of mental functioning. (JS at 8, et seq.)

The ALJ made the following determinations, inter alia:

1. That Plaintiff has severe impairments of diabetes mellitus (stable), degenerative disc disease, alcohol abuse, and an alcohol-induced mood disorder (AR at 11);
2. Plaintiff's impairments, including the substance use disorder, meet §§12.04 and 12.09 of 20 C.F.R. Part 404, subpart P, Appendix I (20 C.F.R. §416.920(d)) (Id.);
3. If Plaintiff stopped her substance abuse, her remaining limitations would still be such as to cause her to continue to have a severe impairment or combination of impairments (AR 13);
4. If Plaintiff stopped her substance abuse, she would not have a Listing level or equivalent impairment (AR 14);
5. If Plaintiff stopped her substance abuse, she would have the residual functional capacity ("RFC") to perform medium work with certain exertional limitations (Id.);
6. If Plaintiff stopped her substance abuse, she would be unable to perform her past relevant work (AR 16);
7. If Plaintiff stopped her substance abuse, considering her age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that she could perform (Id.);
8. Because Plaintiff would not be disabled if she stopped her substance abuse, her substance abuse disorder is a contributing factor material to the determination of disability. Therefore, Plaintiff has not been disabled within the meaning of the Social Security Act ("Act") at any time from the date the application was filed through the date of the decision. (AR 17.)

**A.    Applicable Law**.

If drug addiction or alcoholism is a contributing factor material to the determination of disability, a claimant will be found ineligible for disability benefits. (See 42 U.S.C. §423(d)(2)(C), 20 C.F.R. §416.935). The procedural route outlined in the regulation requires an examination of "whether your drug addiction or alcoholism is a contributing factor material to the determination of disability ... [that is] whether we would still find you disabled if you stopped using drugs or alcohol." (20 C.F.R. §416.935(a)(b)) Thus, it is required that a determination be made as to which of the claimant's physical, or in this case, mental limitations would remain, absent use of drugs or alcohol, and to then determine whether any or all of the remaining limitations would be disabling. (See 20 C.F.R. §416.935(b)(2)).

In making in making this particular determination, the ALJ's evaluation of evidence is governed by the same standards which apply to all social security cases. Pertinent regulations include 20 C.F.R. § 416.927(d), which provides that certain issues are reserved to the Commissioner because they constitute administrative findings. Within this realm are opinions that a claimant is disabled. The regulation states, in pertinent part, that "a statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §927(d)(1). Moreover, it is the Commissioner's responsibility to evaluate all relevant evidence to determine whether the opinion of the medical source is supported by the evidence, and whether it is consistent with the record as a whole. (See 20 C.F.R. §416.927(d)(3),(4)). In the vast majority of cases, moreover, there will be conflicts in the evidence, and it is the ALJ's

specific responsibility to evaluate the evidence, and to resolve any such ambiguities or conflicts. See <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989).

The GAF scale is intended to reflect a person's overall level of functioning at or about the time of the examination, not for a period of at least 12 consecutive months, which is required for a finding of impairment or disability. (<u>See</u> 20 C.F.R. §§416.905, 416.920(c)(2006).)

GAF scores are intended to be used for clinical diagnosis and treatment, and do not directly correlate to the severity assessment set forth in Social Security regulations. (<u>See</u> Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000), and American Psychiatric Ass'n, <u>Diagnostic and Statistical Manual of Mental Disorders, Text Revision</u> 33 (4th Ed. 2000).

**B. <u>Analysis</u>**.

Contrary to Plaintiff's argument, the ALJ in fact did find that Plaintiff had established that she suffered depression and mood swings (AR 12), and in so finding, relied upon records from Arrowhead Regional Medical Center, which included a November 14, 2006 report by Trish Crawford, Psy. D., which noted Plaintiff's long history of alcohol abuse. (AR 12, <u>and</u> <u>see</u> AR 183-370, 397-428.) These records indicate Plaintiff's repeated hospitalizations for alcohol intoxication, positive suicidal ideation on many occasions, complaints of depression, and notations of Plaintiff's substance abuse. In essence, it is a clear and reasonable inference that the ALJ did in fact consider the medical reports, including that of Dr. Crawford, in finding that Plaintiff did suffer from a disabling mental impairment.

1  Further, the ALJ's conclusion that Plaintiff would not be disabled if
2  she stopped abusing alcohol was not in conflict with the evidence.  As
3  the ALJ noted, during Plaintiff's mental status examinations, the
4  results were "unremarkable after detoxing in a hospital setting." (AR
5  15, citing AR 185, 236.)

6  Clearly, then, the ALJ did consider Dr. Crawford's findings and
7  conclusions, but concluded that Plaintiff's disability was only
8  present when she was abusing alcohol.  Similarly, as to Plaintiff's
9  GAF score, that was part of Dr. Crawford's testing and findings, and
10 was similarly considered by the ALJ. (Although, as the Court has noted
11 in its discussion of Applicable Law, GAF scores are largely irrelevant
12 to the determination of an individual's ability to function in an
13 occupation. (See Arriola v. Astrue, 2008 WL 4926961, at *2 (C.D. Cal.
14 2008)).

15 Similarly, the ALJ did not fail to consider the findings of the
16 State Agency physician, Dr. Gregg, who concluded that Plaintiff has
17 marked limitations in certain areas of mental functioning.  Indeed,
18 the ALJ relied upon Dr. Gregg's conclusions, among other medical
19 opinions, as support for his conclusion that Plaintiff in fact did
20 meet Listings 12.04 and 12.09, and that alcohol addiction was material
21 to the finding of disability. (See AR at 13, 372-392.)  It is a moot
22 point as to whether or not the ALJ explicitly addressed Dr. Gregg's
23 assessments of Plaintiff's marked limitations, in view of the primary
24 finding that Plaintiff's Listing level impairments, although
25 disabling, were secondary to her substance abuse.
26 //
27 //
28 //

**II**

**THE ALJ DID NOT FAIL TO PROPERLY DEVELOP THE RECORD**

**WITH REGARD TO PLAINTIFF'S POSSIBLE SEIZURE DISORDER**

In Plaintiff's third issue, she contends that the ALJ erred in rejecting her contention that she has a seizure disorder. (JS at 11, citing AR 15.) But, the decision indicates the ALJ did properly consider all the medical records, including Plaintiff's complaints as to a seizure disorder. (AR 14, 15.) The ALJ concluded that Plaintiff did not have a disabling or even a severe seizure disorder that more than minimally impacted her ability to perform work. (AR 11, 14-15.) In so concluding, the ALJ considered a 2006 CAT scan of the head which showed cerebral atrophy without acute intracranial disease process. (AR 15, 275.) In addition, it was noted that Plaintiff had been seen in the emergency room for a possible seizure which was reportedly related to alcohol withdrawal. (AR 15, 215.) As the ALJ noted, Plaintiff was drinking two pints of vodka per day at that time (AR 15, 216); she was noncompliant with her medication treatment (AR 15, 215-216, 400), and thus, Plaintiff would not be found disabled. (AR 15.) Pursuant to Social Security regulations, an individual who would otherwise be found to be under a disability, but who fails without just cause to follow prescribed treatment, cannot, by virtue of such failure to follow medication regimens, be found to be disabled. (See SSR 82-59; see also Lewis v. Apfel, 236 F.3d 503, 513 (9th Cir. 2001).) Thus, the ALJ reasonably relied on evidence indicating that Plaintiff did not have a disabling seizure disorder. Moreover, the Court finds no basis in the evidence to conclude that the ALJ had some obligation to further develop the record regarding Plaintiff's alleged seizure disorder. There was, indeed, adequate evidence in the record from

which the ALJ could draw his conclusions. Thus, there is no ambiguity or gap in the evidence which are the typical triggers for requiring development of the record. (See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).)

### III
### THE ALJ DID NOT FAIL TO PROPERLY CONSIDER
### ASSERTED SIDE EFFECTS FROM MEDICATIONS

Plaintiff notes that in a Disability Report dated August 21, 2006, she reported that some of her medications make her "dopey" but they have helped her. (JS at 15, citing AR 136.) Plaintiff notes that she also reported that the medication Zypexia makes her feel "dazed." (JS at 16, citing AR 137.) Plaintiff asserts that the ALJ failed to consider side effects of these medications, as required by SSR 96-7p, and applicable regulations (20 C.F.R. §§404.1529(c)(3)(iv), 416.929(c)(3)(iv).)

It is Plaintiff's burden to prove that she has disabling side effects from medication. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985). Here, aside from Plaintiff's brief references to asserted side effects from medication, there is no medical evidence in the record which indicates that she suffered disabling side effects from her medications. See Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001). Essentially, Plaintiff's brief references in the Disability Reports are viewed as self-serving statements unsupported by the medical records or other objective evidence, and thus, not worthy of further consideration as to possible disabling side effects. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).

## IV

## **THE ALJ DID NOT FAIL TO POSE A COMPLETE HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT**

In Plaintiff's final issue, she asserts that the ALJ's question to the vocational expert ("VE") was incomplete because it failed to pose the mental and other limitations which she argues in her other four issues. (JS at 18, citing AR 45.)  The Court fails to see the merit in this argument, because, again, the ALJ found Plaintiff to be limited to the point of disability based on alcohol dependence, and further, analyzed Plaintiff's functional limitations when she was not using alcohol.  In that latter state, the ALJ found that Plaintiff would not be disabled, and in fact could perform medium exertional work with certain postural limitations. (AR 14-16.)  Thus, the ALJ's hypothetical question to the VE did contain all of the found limitations, and for that reason, was not legally incorrect or deficient. (See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005).)

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: October 16, 2009              /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE

9